1 | Tionna Carvalho (SBN: 299010)
tcarvalho@slpattorney.com
2 | Elizabeth A. LaRocque (SBN: 219977)
elarocque@slpattoreny.com
3 | **STRATEGIC LEGAL PRACTICES, APC**
1888 Century Park East, 19th Floor
4 | Los Angeles, CA 90067
Tel: (310)929-4900
5 | Fax: (310)943-3838
Attorneys For Plaintiffs,
6 | LYNDSY HOOKER and JARED HOOKER

7 | Spencer P. Hugret (SBN: 240424)
shugret@grsm.com
8 | Katherine P. Vilchez (SBN: 212179)
kvilchez@grsm.com
9 | Trina M. Clayton (SBN: 204215)
tclayton@grsm.com
10 | **GORDON REES SCULLY MANSUKHANI, LLP**
275 Battery Street, Suite 2000
11 | San Francisco, CA 94111
Telephone: (415) 986-5900
12 | Facsimile: (415) 986-8054
Attorneys for Defendants
13 | FORD MOTOR COMPANY and
FUTURE FORD

14

**UNITED STATES DISTRICT COURT**

15

**EASTERN DISTRICT OF CALIFORNIA**

16

17

18 | LYNDSY HOOKER and JARED HOOKER,

19 | Plaintiffs,

20 | vs.

21 | FORD MOTOR COMPANY; FUTURE FORD; and DOES 1 through
22 | 10, inclusive,

23 | Defendants.

Case No.: 2:23-cv-02738-JAM-JDP

Judge: Hon. John A. Mendez
Mag. Judge: Hon. Jeremy D. Peterson

**STIPULATED [PROPOSED] PROTECTIVE ORDER – DISCOVERY ONLY**

24

25

26

27

28

-1-
STIPULATED [PROPOSED] PROTECTIVE ORDER

**IT IS HEREBY STIPULATED** by and between the Parties to *Lyndsy Hooker and Jared Hooker v. Ford Motor Company, et al.,* by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G), the Parties stipulate as follows:

1.      PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, commercially sensitive, personally identifiable information ("PII"), or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.      DEFINITIONS

2.1   Challenging Party:   a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for

protection under Federal Rule of Civil Procedure 26(c), including materials that contain trade secret or other confidential research, technical, cost, price, marketing, or other commercial information, which are, for competitive reasons, normally, kept confidential by the parties, as contemplated by Federal Rules of Civil Procedure 26(c)(1)(G).

2.3   <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4   <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER."

2.5   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6   <u>Expert</u>: a non-attorney person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, provided that no disclosure shall be made to any expert or consultant who is currently employed by a competitor of the Designating Party.

2.7   <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8   <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9   <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

STIPULATED [PROPOSED] PROTECTIVE ORDER

2.10 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or 'SUBJECT TO PROTECTIVE ORDER."

2.14 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality

1  to the Designating Party. Any use of Protected Material at trial shall be governed

2  by a separate agreement or order.

3  4.   DURATION

4       Even after final disposition of this litigation, the confidentiality obligations

5  imposed by this Order shall remain in effect until a Designating Party agrees

6  otherwise in writing or a court order otherwise directs. Final disposition shall be

7  deemed to be the later of (1) dismissal of all claims and defenses in this action,

8  with or without prejudice; and (2) final judgment herein after the completion and

9  exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

10  including the time limits for filing any motions or applications for extension of

11  time pursuant to applicable law.

12       5.   DESIGNATING PROTECTED MATERIAL

13       5.1   Exercise of Restraint and Care in Designating Material for Protection.

14  Each Party or Non-Party that designates information or items for protection under

15  this Order must take care to limit any such designation to specific material that

16  qualifies under the appropriate standards. The Designating Party must designate

17  for protection only those parts of material, documents, items, or oral or written

18  communications that qualify – so that other portions of the material, documents,

19  items, or communications for which protection is not warranted are not swept

20  unjustifiably within the ambit of this Order.

21       Mass, indiscriminate, or routinized designations are prohibited.

22  Designations that are shown to be clearly unjustified or that have been made for

23  an improper purpose (e.g., to unnecessarily encumber or retard the case

24  development process or to impose unnecessary expenses and burdens on other

25  parties) expose the Designating Party to sanctions.

26       If it comes to a Designating Party's attention that information or items that

27  it designated for protection do not qualify for protection, that Designating Party

28

STIPULATED [PROPOSED] PROTECTIVE ORDER

1   must promptly notify all other Parties that it is withdrawing the mistaken

2   designation.

3          5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in

4   this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

5   stipulated or ordered, Disclosure or Discovery Material that qualifies for

6   protection under this Order must be clearly so designated before the material is

7   disclosed or produced.

8          Designation in conformity with this Order requires:

9          (a) For information in documentary form (e.g., paper or electronic

10  documents, but excluding transcripts of depositions or other pretrial or trial

11  proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or

12  "SUBJECT TO PROTECTIVE ORDER" to each page that contains protected

13  material.

14         A Party or Non-Party that makes original documents or materials available

15  for inspection need not designate them for protection until after the inspecting

16  Party has indicated which material it would like copied and produced. During the

17  inspection and before the designation, all of the material made available for

18  inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has

19  identified the documents it wants copied and produced, the Producing Party must

20  determine which documents, or portions thereof, qualify for protection under this

21  Order. Then, before producing the specified documents, the Producing Party must

22  affix the "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" legend

23  to each page that contains Protected Material.

24         (b) for testimony given in deposition or in other pretrial or trial

25  proceedings, that the Designating Party identify on the record, before the close of

26  the deposition, hearing, or other proceeding, all protected testimony.

27         (c) for information produced in some form other than documentary

28  and for any other tangible items, that the Producing Party affix in a prominent

STIPULATED [PROPOSED] PROTECTIVE ORDER

place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER."

5.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging, identifying where applicable the challenged designation by Bates number, and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must

1    give the Designating Party an opportunity to review the designated material, to

2    reconsider the circumstances, and, if no change in designation is offered, to explain

3    the basis for the chosen designation. A Challenging Party may proceed to the next

4    stage of the challenge process only if it has engaged in this meet and confer process

5    first or establishes that the Designating Party is unwilling to participate in the meet

6    and confer process in a timely manner.

7         6.3    Judicial Intervention. If the Parties cannot resolve a challenge without

8    court intervention, the Designating Party shall file and serve a motion to retain

9    confidentiality within 45 days of the initial notice of challenge or within 30 days

10   of the parties agreeing that the meet and confer process will not resolve their

11   dispute, whichever is earlier. Each such motion must be accompanied by a

12   competent declaration affirming that the movant has complied with the meet and

13   confer requirements imposed in the preceding paragraph. Failure by the

14   Designating Party to make such a motion including the required declaration within

15   45 days (or 30 days, if applicable) shall automatically waive the confidentiality

16   designation for each challenged designation. In addition, the Challenging Party

17   may file a motion challenging a confidentiality designation at any time if there is

18   good cause for doing so, including a challenge to the designation of a deposition

19   transcript or any portions thereof. Any motion brought pursuant to this provision

20   must be accompanied by a competent declaration affirming that the movant has

21   complied with the meet and confer requirements imposed by the preceding

22   paragraph.

23        The burden of persuasion in any such challenge proceeding shall be on the

24   Designating Party. Frivolous challenges, and those made for an improper purpose

25   (e.g., to harass or impose unnecessary expenses and burdens on other parties) may

26   expose the Challenging Party to sanctions. Unless the Designating Party has

27   waived the confidentiality designation by failing to file a motion to retain

28   confidentiality as described above, all parties shall continue to afford the material

STIPULATED [PROPOSED] PROTECTIVE ORDER

1    in question the level of protection to which it is entitled under the Producing

2    Party's designation until the court rules on the challenge.

3    7.     ACCESS TO AND USE OF PROTECTED MATERIAL

4         7.1    Basic Principles. A Receiving Party may use Protected Material that

5    is disclosed or produced by another Party or by a Non-Party in connection with

6    this case only for prosecuting, defending, or attempting to settle this litigation.

7    Such Protected Material may be disclosed only to the categories of persons and

8    under the conditions described in this Order. When the litigation has been

9    terminated, a Receiving Party must comply with the provisions of section 13 below

10   (FINAL DISPOSITION).

11        Protected Material must be stored and maintained by a Receiving Party at a

12   location and in a secure manner that ensures that access is limited to the persons

13   authorized under this Order.

14        7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless

15   otherwise ordered by the court or permitted in writing by the Designating Party, a

16   Receiving Party may disclose any information or item designated

17   "CONFIDENTIAL" only to:

18        (a) the Receiving Party's Outside Counsel of Record in this action, as

19   well as employees of said Outside Counsel of Record to whom it is reasonably

20   necessary to disclose the information for this litigation and who have signed the

21   Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

22   A;

23        (b) the officers, directors, and employees (including House Counsel)

24   of the Receiving Party to whom disclosure is reasonably necessary for this

25   litigation and who have signed the "Acknowledgment and Agreement to Be

26   Bound" (Exhibit A);

27

28

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters, videographers, and their staff, who are not personnel of the court, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.  Nothing in this paragraph shall limit the use of Ford documents in deposition of Ford representatives or employees who have a legitimate need to see the information based on the intended subject matter of the deposition.

(g) the author or recipient of a document containing the information or a custodian who otherwise possessed or knew the information provided that these individuals may only be shown the protected information and may not retain a copy of the protected information that was produced in this case.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED
       IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER," before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party

is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 30 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the

STIPULATED [PROPOSED] PROTECTIVE ORDER

"Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12. MISCELLANEOUS

12.1  Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice, or upon another timeframe agreeable under the circumstances, to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 141.

Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. A sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.   FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).  With respect to those materials that this provision allows the Receiving Party to retain after final disposition of this action, exhibits to the retained materials must be returned to the Producing Party or destroyed on

or before 5 years after final disposition (as defined in Section 4: DURATION) of this action. The parties agree to meet and confer prior to moving to enforce compliance with this provision.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**.

Dated: May 29, 2024             STRATEGIC LEGAL PRACTICES, A

                                By     */s/ Elizabeth A. LaRocque*
                                       Elizabeth A. LaRocque
                                       Attorneys for Plaintiffs,
                                       LYNDSY HOOKER and
                                       JARED HOOKER

Dated: May 29, 2024             GORDON REES SCULLY MANSUKHANI, LLP

                                By: */s/ Trina M. Clayton*
                                       Spencer P. Hugret
                                       Katherine P. Vilchez
                                       Trina M. Clayton
                                       Attorneys for Defendant
                                       FORD MOTOR COMPANY and
                                       FUTURE FORD

### ORDER

GOOD CAUSE APPEARING, the Court hereby approves this Stipulated Protective Order.

IT IS SO ORDERED.

Dated:    June 4, 2024          _____
                                JEREMY D. PETERSON
                                UNITED STATES MAGISTRATE JUDGE

STIPULATED [PROPOSED] PROTECTIVE ORDER

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Eastern District of

California on [                              ] in the case *Lyndsy Hooker and Jared Hooker  v.*

*Ford Motor Company*, *et al.* Case No. 2:23-02738-JAM-JDP. I agree to comply

with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt. I solemnly promise that I

will not disclose in any manner any information or item that is subject to this

Stipulated Protective Order to any person or entity except in strict compliance

with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Eastern District of California for the purpose of enforcing the terms

of this Stipulated Protective Order, even if such enforcement proceedings occur

after termination of this action.

I hereby appoint _____ [print or type full name]

of _____ [print or type full address

and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this

Stipulated Protective Order.

Date: _____

City and State where sworn and signed:

_____

Printed name: _____

Signature: _____

-16-
STIPULATED [PROPOSED] PROTECTIVE ORDER